IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-01192-SKC-TPO

ANA BERRIZBEITIA,

Plaintiff,

v.

BOARD OF TRUSTEES OF COLORADO MESA UNIVERSITY,

Defendant.

---

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

Defendant, Board of Trustees of Colorado Mesa University (CMU), by and through undersigned counsel, hereby files this Motion for Summary Judgment. In support thereof, Defendant states as follows.

**INTRODUCTION**

Plaintiff was employed as a tenure-track faculty member for CMU in its Mathematics and Statistics Department from August 2018 until August 2024. *See* Appendix, CMU's Statement of Undisputed Facts, Fact No. 1. Tenure-track faculty

do not have tenure and thus can be terminated with or without cause. *Id.*, Fact No. 2.

In July 2024, one current and two former CMU students came forward to CMU with complaints about Plaintiff. *Id.*, Fact No. 3. The students reported that Plaintiff made comments about sexuality and gender identity, violated professional and personal boundaries, complained about other students' anonymous evaluations of Plaintiff, requested assistance in identifying authors of anonymous student evaluations of Plaintiff, and discussed confidential information about other students enrolled in Plaintiff's courses. *Id.*, Fact. No. 6. Following receipt of the student complaints, CMU interviewed the students. *Id.*, Fact No. 5. CMU's President reviewed the information from the complaining students and determined that Plaintiff conduct justified dismissal due to: neglect of duty by nonperformance of one or more duties or responsibilities reasonably required of Faculty; unprofessional conduct; violation(s) of department guidelines and policies in the Handbook; and violation(s) of local, state or federal laws or regulations. *Id.*, Fact No. 9. CMU President's then dismissed Plaintiff from her employment with CMU. *Id.*, Fact No.'s 11-12.

The undisputed material facts demonstrate that CMU's decision to terminate Plaintiff was based on legitimate non-discriminatory reasons. Plaintiff has produced no material evidence to demonstrate otherwise. Therefore, summary judgment is proper on Plaintiff's Title VII claims of discrimination based on race and sex.

## SUMMARY JUDGMENT STANDARD

This Court should grant summary judgment under Fed. R. Civ. P. 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Nelson v. Geringer*, 295 F.3d 1082, 1086 (10th Cir. 2002). Where, as here, the moving party does not bear the burden of proof at trial, it must point to an absence of sufficient evidence to establish the non-movant's claims. *Dawson v. Archambeau*, No. 16-CV-00489-MSK-NYW, 2020 WL 209852, at *4 (D. Colo. Jan. 13, 2020). The non-movant must then come forward with competent evidence to establish her claims by identifying specific facts that demonstrate a genuine dispute of material fact exists as to each element of her claim(s). Fed. R. Civ. P. 56(e); *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir.1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir.1999). If the non-movant fails to produce sufficient evidence to establish its claim, the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Please refer to the attached Appendix for the table containing CMU's Statement of Undisputed Material Facts.

## ARGUMENT

Under Title VII, an employer may not "[d]ischarge any individual, or otherwise…discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin …." *McGarry v. Bd. of Cnty. Comm'rs of Cnty. of Pitkin*, 175 F.3d 1193, 1199 (10th Cir. 1999). Title VII prohibits intentional discrimination based upon an employee's protected class characteristics. *Salguero v. City of Clovis*, 366 F.3d 1168, 1178 (10th Cir. 2004). Thus, "[t]he 'factual inquiry' in a Title VII case is '[whether] the defendant intentionally discriminated against the plaintiff.'" *United States Postal Service v. Aikens*, 460 U.S. 711, 715 (1983) (citation omitted).

The plaintiff bears the burden to demonstrate discrimination through either sufficient direct or indirect evidence of discrimination. *Bekkem v. Wilkie*, 915 F.3d 1258, 1267 (10th Cir. 2019); *Equal Employment Opportunity Comm'n v. Wiltel, Inc.*, 81 F.3d 1508, 1513 (10th Cir. 1996). Where the plaintiff offers no direct evidence of discrimination, the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), governs. *Vazirabadi v. Denver Pub. Sch.*, No. 17-CV-1194-WJM-SKC, 2019 WL 2590936, at *14 (D. Colo. June 25, 2019), *aff'd*, 820 F. App'x 805 (10th Cir. 2020), *cert. denied*, 141 S. Ct. 1391 (2021).

Under the *McDonnell Douglas* framework, a plaintiff must first "raise a genuine issue of material fact on each element of the prima facie case." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997) (citation omitted). The burden then

"shifts to the employer to offer a legitimate nondiscriminatory reason for its employment decision." *Id*. If the employer does so, "the burden then reverts to the plaintiff to show that there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual—i.e., unworthy of belief." *Id*. (internal quotation marks omitted). As discussed next, Plaintiff cannot present sufficient evidence to establish genuine issues of material fact with regard to the elements of her prima facie case or pretext under the *McDonnell Douglas* framework as required to defeat summary judgment.

## I. Plaintiff cannot establish a prima facie case of discrimination.

Plaintiff cannot provide direct evidence that her termination was due to discrimination. "Direct evidence requires proof of an existing policy which itself constitutes discrimination or oral or written statements on the part of a defendant showing a discriminatory motivation." *Hall v. U.S. Dep't of Labo*r, 476 F.3d 847, 854-55 (10th Cir. 2007) (quotations and citations omitted). The record contains no evidence of a policy or oral or written statements that show Plaintiff's termination was based on a discriminatory motivation.

Therefore, in order to prevail on her claim, Plaintiff bears the initial burden to show a prima facie case of discrimination under the *McDonnell Douglas* framework. A prima facie case of discrimination must consist of evidence that (1) the victim belongs to a protected class; (2) the victim suffered an adverse employment action; and (3) the challenged action took place under circumstances

giving rise to an inference of discrimination." *E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007). Here, Plaintiff alleges discrimination based on her sex (female) and her race (Latin/Hispanic American). Although Plaintiff can likely establish the first two elements of her prima facie case, material facts do not support the third element. Plaintiff cannot demonstrate that she was terminated under circumstances giving rise to an inference of sex or race discrimination.

To demonstrate an inference of discrimination, courts have enumerated a variety of circumstances that may suffice, including:

> actions or remarks made by decisionmakers that could be viewed as reflecting a discriminatory animus ..., preferential treatment given to employees outside the protected class ..., in a corporate downsizing, the systematic transfer of a discharged employee's duties to other employees ..., or a pattern of recommending the plaintiff for positions for which she is not qualified [or over-qualified] and failure to surface plaintiff's name for positions for which she is well-qualified. A plaintiff might also rely upon the fact that the defendant, following plaintiff's termination, continued to seek applicants to fill the position, ... or, more generally, upon the timing or sequence of events leading to plaintiff's termination.

*Plotke v. White,* 405 F.3d 1092, 1101 (10th Cir. 2005) (citing *Chertkova v. Conn. Gen. Life Ins. C*o., 92 F.3d 81, 91 (2d Cir. 1996) (listing cases)).

Of the relevant circumstances above, Plaintiff cannot show any to exist in this case. The record does not contain facts to show that: any decision-makers involved in Plaintiff's termination made remarks that demonstrated discriminatory animus, that CMU gave different or preferential treatment to other employees who faced similar complaints to the complaints against Plaintiff, or that the timing or

sequence of events leading to Plaintiff's termination gave rise to an inference of discrimination. Due to the lack of any facts showing circumstances of discriminatory motive, Plaintiff cannot raise an issue of disputed material fact suggesting that she is capable of establishing a prima facie case of discrimination.

## II. The undisputed material facts show that CMU terminated Plaintiff for a legitimate nondiscriminatory reason.

Even if Plaintiff could put forth sufficient evidence to meet the prima facie case required by *McDonnell Douglas*, the undisputed material facts demonstrate that Plaintiff was terminated for a legitimate nondiscriminatory reason. Plaintiff was terminated following CMU's receipt of three student complaints against Plaintiff. *See* Appendix, Fact No.'s 3-9; Ex. A (Driskell Decl.), Ex. C-1 and C-2 (Ward Decl. and Complaint), Ex. D-1 and D-2 (Sponheim Decl. and Complaint), Ex. E-1 and E-2 (Freier Decl. and Complaint), and Ex. F (Marshall Decl.). The complaints reported that Plaintiff engaged in conduct that was unprofessional and violated CMU's policies. *Id*. The complaints included documented text messages between students and Plaintiff. *Id*. After studying the student complaints, President Marshall decided, based on pattern of behavior reported, that Plaintiff's termination was necessary to protect students and CMU. Ex. F (Marshall Decl.). CMU has put forth undisputed material facts that Plaintiff's termination was due to a legitimate nondiscriminatory reason.

## III. Plaintiff cannot proffer material facts supporting that the decision to terminate her was pretextual.

In order to prevail on her claims, the final step in the *McDonnell Douglas* test requires Plaintiff to demonstrate a genuine dispute of material fact exists that CMU's proffered reason for her termination is pretextual. Pretext may be shown in one of the following ways: "(1) with evidence that defendant's stated reason for the adverse employment action was false; (2) with evidence that the defendant acted contrary to a written company policy prescribing the action taken by the defendant under the circumstances; or (3) with evidence that he was treated differently from other similarly-situated employees who violated work rules of comparable seriousness." *Drury v. BNSF Railway Co.*, 657 Fed. App'x 785, 789-90 (10th Cir. 2016) (citing *Salguero v. City of Clovis,* 366 F.3d 1168, 1176 (10th Cir. 2004)).

The record contains no evidence to demonstrate—nor does Plaintiff allege—pretext under factors 1 or 2. Regarding factor 3, Plaintiff's First Amended Complaint makes some generalized allegations about CMU's differential treatment of faculty based on race or gender during the time of her employment. However, Plaintiff cannot identify a nexus between these allegations and the specific events leading to her termination. "In order for an employer's former adverse employment actions to have any probative effect on an employee's ability to demonstrate pretext as to subsequent adverse employment actions, there must be some logical nexus between the former and subsequent actions." *Timmerman v. U.S. Bank, N.A.*, 483

F.3d 1106, 1115 (10th Cir. 2007). Based on the record evidence, Plaintiff cannot show that CMU's alleged actions, such as giving preference to certain faculty for printing or babysitting needs, are tied to CMU's decision to terminate Plaintiff.

More significantly, the record contains no evidence that CMU treated similarly-situated employees differently from Plaintiff with regard to the challenged termination. *See Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000) (plaintiff who wishes to show that the company acted contrary to an unwritten policy or to company practice often does so by providing evidence that she was treated differently from other similarly-situated employees who violated work rules of comparable seriousness). Again, Plaintiff cannot support her generalized allegations about differential treatment of faculty with record evidence. In order to prevail on her claims, Plaintiff must identify a similarly-situated faculty member whom CMU treated differently from Plaintiff after that faculty member had similar student complaints lodged against them. Plaintiff cannot do so based on the record evidence. Therefore, Plaintiff cannot create an issue of disputed material fact suggesting that the reason for her termination was pretextual as required to defeat summary judgment.

**CONCLUSION**

The undisputed record evidence supports that CMU terminated Plaintiff due to receipt of information from student complainants reporting unprofessional conduct and policy violations by Plaintiff. Plaintiff cannot put forth sufficient

disputed material facts suggesting that her termination was done under circumstances giving rise to an inference of discrimination or that the reason for her termination was pretextual. As a result, this Court should enter summary judgment in favor of CMU and against Plaintiff on both of Plaintiff's Title VII claims alleging discrimination based on sex and race.

Respectfully submitted this 31st day of July, 2026.

**AI Certification**: Undersigned counsel certifies that no portion of this motion was drafted by artificial intelligence.

PHILIP J. WEISER
Attorney General

*s/ Natalie Powell*
Natalie Powell*
Senior Assistant Attorney General
Kerry J. Ferrell*
Assistant Attorney General
Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, Colorado 80203
Phone: 720-508-6420/6586
Email: Natalie.powell@coag.gov
Kerry.ferrell@coag.gov
*Counsel of Record

**CERTIFICATE OF SERVICE**

I certify that I served the foregoing DEFENDANT'S **MOTION FOR SUMMARY JUDGMENT** was filed with the Clerk of the Court using the CM/ECF system which will electronically serve the following parties:

Joseph P. Sanchez
Ragab Law Firm, P.C.
700 Seventeenth St., Suite 900
Denver, CO 80202
joseph@ragablawfirm.com
*Counsel for Plaintiff*

*s/ Ashley Minnick*